IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Lee Howard, | No. CV 10-0222-PHX-JWS (MHB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendant. | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on January 29, 2010, by Petitioner Douglas Lee Howard, who is confined in the Arizona State Prison (Doc. #1). Respondents filed a First Amended Answer on June 30, 2010 (Doc. #15). Petitioner has not filed a Reply.

**BACKGROUND OF STATE COURT PROCEEDINGS**

On August 20, 2007, Petitioner entered into a plea agreement in the Superior Court of Arizona, in which he plead guilty to Count One of the charging document, as amended, Attempted Child Molestation, a Dangerous Crime Against Children, a class 3 felony; Count Four as amended, Attempted Sexual Conduct with a Minor under Age 15, a dangerous Crime Against Children in the Second Degree, a class 3 felony; and Count Five, as amended, Attempted Child Molestation, a Dangerous Crime Against Children in the Second Degree,

a class 3 felony. (Doc. #15, Exh. A.) Sentencing proceeded on September 25, 2007. (Id., Exh. B.) The trial court sentenced Petitioner to 7.5 years in the Arizona Department of Corrections on Count One (a mitigated sentence), and lifetime probation on Counts Four and Five, to commence upon Petitioner's release from prison. (Id.)

Nearly a year later, on August 8, 2008, Petitioner filed a pro se Petition for Post-Conviction Relief (hereinafter "PCR petition"). (Doc. #15, Exh. C.) In his PCR petition, Petitioner presented two issues:

> 1. Whether the trial court abused its discretion in sentencing defendant under ARS 13-604.01 where in attempted offenses are not clearly and unambiguously defined in violation of due process clause of Arizona's Constitution as well the 5, 6th and 14th Amendment U.S. Constitution.
>
> 2. Whether the trial court exceeded its authority and subject matter jurisdiction in contravention of the Apprendi opinion and the 6th Amendment right to jury trial determination of all facts relevant prior to sentencing.

(Id., Exh. C, at 3.)

The trial court denied relief on September 5, 2008, reasoning as follows:

> Defendant's notice is untimely. Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the notice must be filed within 90 days of the entry of judgment and sentencing. Defendant claims he should be excused from the timelines but failed to give any further explanation. Defendant was specifically advised at sentencing that it was his responsibility to file a notice to pursue post-conviction relief and the time requirements for such filing. Defendant has failed to provide the court with meritorious reasons why the failure to timely file the notice was without fault on his part.
>
> Defendant contends the court improperly sentenced him pursuant to A.R.S. §13-604.01, his sentence violates due process, and the court violated his right to a jury determination of aggravating factors. Defendant cannot raise these claims in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d),(e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a). Defendant presents no newly discovered facts.
>
> To the extent defendant may be claiming *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007), is a significant change in the law, defendant has not demonstrated *Gonzalez* is a change in the law or that it applies to his case. In *Gonzalez*, the Court of Appeals held, based on the language of the statute at the time of the defendant's offense, that A.R.S. §13-604.01 did not provide a sentence of imprisonment for attempted sexual conduct with a minor under the age of twelve. In this case, the court imposed a sentence of imprisonment for attempted child molestation, not attempted sexual conduct with a minor. Therefore, Defendant has failed to show *Gonzalez* is a change in the law that it applies to his case.

(Doc. #15, Exh. D.)

Petitioner filed a Petition for Review in the Arizona Court of Appeals was summarily denied on December 8, 2009. (Id., Exh. E.)

On January 29, 2010, Petitioner filed the instant habeas petition, setting forth two grounds for relief: (1) "Due Process violation of the 14th Amendment which guarantees individuals the right to fair notice of whether their conduct is prohibited by law." Petitioner claims that A.R.S. 13-604.01 does not give "fair notice of the act of attempted crimes," and is vague. (2) "[s]ix amendment violation right to a jury determination of all elements and facts used to enhance and or aggravate a sentence beyond the statutory maximum." Petitioner claims that he was entitled to have a jury determination "of all facts beyond a reasonable doubt, that establishes that defendant's conduct exceeds the circumstances allowed for statutory maximum, . . ." (Doc. #1, at 6-7.)

In their Response, Respondents argue that Petitioner's claims are barred by the 1-year statute of limitations, established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), for a state prisoner fo file a federal petition for writ of habeas corpus. 28 U.S.C. §2244(d). Alternatively, Respondents argue that Petitioner's claims are procedurally defaulted, as Petitioner did not timely present his claims in the state court, and any attempt to return to state court to assert the claims would be futile.

**DISCUSSION**

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Petitioner's conviction became final "upon the expiration of the time for seeking [state post-conviction] relief. Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that for an Arizona non-capital pleading defendant, the conviction becomes "final" at the conclusion of the first "of right" post-conviction proceeding under Rule 32).

Petitioner was sentenced on September 25, 2007. His deadline for initiating PCR proceedings was 90 days from that date, or December 24, 2007. Ariz. R.Crim. P. 32.4(a). Thus, absent tolling, he was required to file his petition for writ of habeas corpus by December 24, 2008. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921.

Petitioner filed his PCR petition August 5, 2008. The trial court dismissed Petitioner's PCR proceedings as untimely on December 5, 2008. As Petitioner's PCR petition was not "properly filed" he is not entitled to statutory tolling of the time that his petition was pending in the state court. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414. To hold otherwise "would turn §2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." Id. at 413. For purposes of statutory tolling, a federal district court defers to the state court's determination that the state post-conviction relief request was "properly filed." Id., at 414. Petitioner's habeas petition is untimely and should therefore be dismissed unless Petitioner can demonstrate grounds for equitable tolling.

The Ninth Circuit has previously applied the doctrine of equitable tolling to the AEDPA limitations period. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Equitable tolling is appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (tolling of statute of limitations due to extraordinary circumstances requires that a defendant diligently pursue his claim). A petition bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstances stood in his way. Pace, 544 U.S. at 418; United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999).

Addressing the question of the viability of the doctrine of equitable tolling in light of the U.S. Supreme Court's decision in Bowles v. Russell, 551 U.S. 205 (2007), the Ninth Circuit recently concurred with the reasoning of the Second Circuit as set forth in Diaz v. Kelly:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, __ U.S. __, 128 S.Ct. 750, __ L.Ed.2d __, confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *stare decisis*, *see id.* at 756.

515 F.3d 149, 153-154 (2nd Cir. 2008). See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009) ("[W]e agree with the Second Circuit that Bowles did not invalidate equitable tolling of the AEDPA statute of limitations."). See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming, without deciding, that equitable tolling applies to federal habeas proceedings).

Petitioner has failed to demonstrate equitable tolling applies in his case. He has not demonstrated that he has "purs[ued] his rights diligently," and that "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418-19 & n.8. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon, 128 F.3d at 1288. Extraordinary circumstances "necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, . . . merely 'oversight, miscalculation or negligence'" on a petitioner's part. Waldron-Ramsey, 556 F.3d at 1011 (citations omitted).

Petitioner offers the following as an explanation for filing an untimely petition: "[t]he issues before this court raised by pro se petitioner are found by due dilligence, where Petitioner had no prior legal training, are violations of his constitutional rights which as stated by the U.S. Supreme cannot be bared by a state." (Doc. #1, at 11.) Petitioner's *pro se* status or unfamiliarity with the law alone do not constitute grounds for equitable tolling of 28 U.S.C. §2244(d)'s 1-year statute of limitations. See Waldron-Ramsey, 556 F.3d at 1013, n.4; Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner is also not entitled to equitable tolling because he did not exercise due diligence in pursuit of relief. Petitioner let 316 days lapse after he was sentenced before he filed his PCR petition. Petitioner also allowed 52 days to lapse after the Arizona Court of Appeals denied relief before filing his habeas petition. Even if Petitioner were entitled to statutory tolling of the time his PCR petition was pending, his habeas petition would still have been untimely under the AEDPA.. See Pace, 544 U.S. at 419 ("And not only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court....Under long-established principles, petitioner's lack of diligence precludes equity's operation.").

Petitioner's claims are procedurally defaulted in any event. "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state courts from reaching the merits of the federal claims." Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir. 1991). The U.S. Supreme Court has established a presumption that a state decision does not rest upon independent and adequate state grounds when "it has been determined that the relevant state court decision fairly appears to rest primarily on federal law or is interwoven with federal law." Id. (citing Coleman v. Thompson, 501 U.S. 722 (1991))

The state court imposed a clear procedural bar in denying outright Petitioner's claims that "the court improperly sentenced [Petitioner] pursuant to A.R.S. §13-604.01, his sentence violat[ed] due process, and the court violated his right to a jury determination of aggravating

factors." (Doc. #15, Exh. C.). In addressing Petitioner's claim that a significant change in the law, namely the Arizona Court of Appeals decision in State v. Gonzalez, 216 Ariz. 11 (App. 2007), entitled him to file an untimely PCR petition, the court noted that Petitioner had "failed to show *Gonzalez* is a change in the law that it applies to his case."[1] (Id., at 2.) The state court determination that Petitioner's Petition was untimely, and that Petitioner had not met his burden of demonstrating the applicability of an exception to the timeliness requirement is not subject to review by this Court.

Arizona's procedural rules preclude Petitioner from raising any of his habeas claims in a subsequent PCR proceeding. Ariz. R.Crim. P. 32.2(a)(3). Thus, his claims are procedurally defaulted unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. In his habeas petition, Petitioner sets forth no grounds to support a finding of cause and prejudice or a miscarriage of justice. Petitioner also did not file a Reply to Respondents' Answer[2], which included an assertion that he had not demonstrated cause and prejudice or a miscarriage of justice. (Doc. #15, at 11.)

Petitioner's habeas petition is untimely under the AEDPA, and he is not entitled to equitable tolling, as he has not demonstrated that he pursued his rights diligently and that some extraordinary circumstances stood in his way to be entitled to equitable tolling of the elapsed time period. Petitioner's habeas claims are, in any event procedurally defaulted, and

---

[1] To the extent Petitioner may argue that the trial court's finding that Gonzales was inapplicable to his case is a merits determination, it is clear that the court found the defendant had not "demonstrated" that Gonzales qualified as a "change in the law" and that it did not apply factually to his case. This is to be distinguished from an analysis of the question of "significant change in the law" or whether or not the ruling is to be retroactively applied. Sf, Hess v. Ryan, 651 F.Supp. 2d 1004, 0123-1025 (D.Ariz. 2009). Here, there is no "intertwining" of the merits and timeliness analysis. Sf, Corral v. Schriro, 2008 WL 3843595, n. 4-5 (D.Ariz. 2008).

[2] Respondent's filed their Answer on May 3, 2010. (Doc. #11.) A First Amended Answer was subsequently filed, for the sole purpose of attaching the correct exhibit B, which did not alter the substance of Respondent's Answer. See, Respondent's Request for Leave to Amend Respondent's Answer and to Withdraw Previously Filed Supplemental Exhibits. (Doc. #14.)

Petitioner has not demonstrated cause and prejudice or a miscarriage of justice. For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of June, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge