**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| DOUGLAS LEE HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-cv-00222 JWS |
| | ) | |
| vs. | ) | |
| | ) | ORDER FROM CHAMBERS |
| CHARLES L. RYAN, et al, | ) | |
| | ) | [Re: Petition at docket 1; |
| Respondents. | ) | Report at docket 17] |
| | ) | |

Pursuant to 28 U.S.C. § 2254, petitioner seeks a writ of habeas corpus. Respondents filed their opposition at docket 15. Magistrate Judge Burns, to whom the matter was referred, filed a report at docket 17 recommending that the petition be denied. The time for objections has run and none have been filed.

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

Having reviewed the parties' papers and applied the standard of review articulated above, this court concludes that the magistrate judge has correctly found the facts and applied the law. Therefore, this court adopts Magistrate Judge Burns' recommended findings and conclusions at docket 17. Based thereon, the petition at docket 1 is **DENIED**, and this case is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** this court will not grant the Certificate of Appealability required by 28 U.S.C. § 2253(c), nor will it grant leave to proceed on appeal *in forma pauperis*, because dismissal of the petition is clearly warranted by a plain procedural bar, and jurists of reason would not find the procedural bar debatable. If petitioner desires to take an appeal he must request a Certificate of Appealabilty from the Court of Appeals. *See* Fed. R. App. P. 22(b)(1).

DATED at Anchorage, Alaska this 13th day of August 2010.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE